## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIK W. NICHOLSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-166-SPB** |
| | ) | |
| **SHEETZ INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Erik W. Nicholson, an individual formerly employed at Sheetz Store #367 in Harborcreek Township, Pennsylvania, commenced this *pro se* lawsuit against Sheetz Inc. and its CEO, Joseph E. Sheets, following the closure of Store #367.  In his operative pleading, Plaintiff claims that the Defendants committed fraud, engaged in age discrimination, and breached their contract with him in connection with the aforementioned store closing and the company's alleged failure to pay agreed upon wages.[1]

Pending before the Court is the Defendants' motion to dismiss the Second Amended Complaint.  For the reasons that follow, Defendants' motion will be denied as moot insofar as it relates to a non-existent breach of contract claim against Joseph E. Sheets.  In all other respects, the Defendants' motion will be granted, but Plaintiff will be given leave to re-plead certain claims.

---

[1]  Although Plaintiff invokes 28 U.S.C. §1332 as a basis for this Court's jurisdiction, he has failed to adequately plead diverse citizenship on the part of Joseph E. Sheets.  *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citizenship of a natural person, for purposes of diversity jurisdiction, depends upon the state where the person is domiciled) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)); *see also McNair v. Synapse Group Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting that, to be domiciled in a state, a person must reside there and intend to remain indefinitely).

Nevertheless, the undersigned perceives that Plaintiff may be attempting to state a federal employment discrimination claim in his operative pleading, which would allow the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1367.

## I.   **Background**

Plaintiff is an individual residing in Findlay Lake, New York.  Second Amended

Complaint (hereafter, "SAC"), ECF No. 24, ¶1.  He alleges that:

> On or about August 18[ ] 2018, the defendant Sheetz Inc. did knowingly and
> willingly hire [him] away from a better paying position at Cracker Barrel by
> citing all the benefits that they offered their employees. They failed to disclose to
> the plaintiff that store #367 where the plaintiff would be working would be
> closing because it had not shown a profit in twelve years (See Exhibit A). This
> fraudulent activity left the plaintiff with only two options. First he could
> continue to work for the defendant Sheetz Inc. at another one of their locations[,]
> which would require considerably more travel time as well as reduced hours[,] or
> [he could] find other employment. The decision to close store #367 was made by
> defendant Joseph E. Sheetz and the failure of both defendants disclosing this
> information was negligent at the very least and would be considered fraudulent by
> any determination.

SAC ¶6.  Plaintiff claims that "[t]he defendants Sheetz Inc. and Joseph E. Sheetz were aware

[for] months if not years that store #367 was under performing and that they were going to close

the location when the lease expired." Id. ¶7.  They nevertheless "fraudulently hired" Plaintiff "by

telling him his job would be a full time permanent position[,]" when, in actuality, "all they really

needed was someone to work for a few months."  Id.  As a result of Defendants' "fraud,"

Plaintiff suffered "harm, lost wages and the need to find other employment."  Id.

Plaintiff also avers that, while he was employed at Store #367, he was paid $9.00 an hour.

SAC ¶8.  In October 2018, however, "the defendant Sheetz Inc. did advertise on the front doors

of store #367 . . . that it [would be] paying new hires $9.50 per hour."  Id.; see also SAC Ex. B,

ECF No. 24-2.  According to the SAC, "[t]he only possible reason for this discrepancy was that

the plaintiff was an older employee since another older employee Robert Litz was also only

being paid $9.00 per hour."  SAC ¶8.  In essence, "the older employees were training and

teaching new younger [hires] but making less money simply because they were older."  Id.

Thus, Plaintiff claims, "defendant Sheetz Inc. authorized by defendant Joseph E. Sheetz openly discriminated against the plaintiff and Robert Litz by only paying them $9.00 per hour while advertising on their front door that  they we paying new hires $9.50 simply because they were older employees."  Id. ¶9.

Finally, Plaintiff alleges that, under the terms of the "employee information manual," he was entitled to "a bonus of $1.00 per hour for every hour [he] worked in the first quarter of 2019[,] based on the stores [sic] customer service rating and performance."  SAC ¶¶10-11. Plaintiff claims that Sheetz breached the terms of its contract with Plaintiff by failing to pay him this bonus in April 2019. Id.

Based upon the foregoing allegations, Plaintiff commenced this action on June 10, 2019. ECF No. 1.  In his Second Amended Complaint, Plaintiff asserts claims of fraud, age discrimination, and breach of contract.  ECF No. 24, ¶¶6-11.  As relief, he seeks $8,453,391.00 in "damages and lost earnings," as well as punitive damages.  SAC ¶ 12.

On December 18, 2019, Defendants filed the pending motion to dismiss the SAC, along with a supporting brief.  ECF Nos. 25 and 26.  Plaintiff filed his response in opposition on January 15, 2020.  ECF No. 29.  The issues are now sufficiently briefed and ripe for disposition.

## II.   Standard of Review

When considering a Rule 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted).  In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

Because Plaintiff is proceeding *pro se,* the Court must employ less stringent standards when reviewing the complaint than it would if it were judging the work product of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Nevertheless, even a *pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 520-21 (internal quotation marks and citation omitted).  Finally, if a district court is dismissing a claim under Rule 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).

Because Plaintiff is also proceeding *in forma pauperis,* this Court has an independent obligation under 28 U.S.C. § 1915(e) to consider the sufficiency of his claims and to dismiss the claims, *sua sponte*, if they fail to state a claim upon which relief can be granted.  *See id.* §1915(e)(2)(B).  In conducting this analysis, the Court applies the same standard as would apply under a Rule 12(b)(6) analysis.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

III.   **Discussion**

A.   *Count I of the Second Amended Complaint*

In Count I of the SAC, Plaintiff asserts a claim of fraud in connection with his hiring at Sheetz' Store #367.  Defendants contend that Plaintiff has failed to plead the required elements and has also failed to offer sufficiently specific averments in support of this claim.

To plead a claim for fraud under Pennsylvania law, a plaintiff must allege: "'(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result.  *Crockett v. Luitpold Pharm., Inc*., No. CV 19-276, 2020 WL 433367, at *11–12 (E.D. Pa. Jan. 28, 2020) (quoting *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006)).

Pennsylvania courts also recognize a cause of action based upon fraudulent concealment, as set forth in Section 551 of the Restatement (Second) of Torts.  *See Marcum v. Columbia Gas Transmission, LLC.*, 423 F. Supp. 3d 115, 121–22 (E.D. Pa. 2019).  To establish a claim of fraudulent concealment, the plaintiff must show that:  (1) the defendant made an omission where there was a duty to speak; (2) the omission was material to the transaction at hand; (3) the omission was made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) the omission was made with the intent of misleading another into relying on it; (5) the plaintiff justifiably relied on the omission; and (6) the resulting injury was proximately caused by the reliance.  *Gorton v. Air & Liquid Sys. Corp*., No. CV 1:17-1110, 2020 WL 1550778, at *10 (M.D. Pa. Apr. 1, 2020); *see Marcum*, 423 F. Supp. 3d at 121–22; *V-Tech Servs., Inc. v. St.*, , 72 A.3d 270, 275-76 (Pa. Super. Ct. 2013).

Beyond these requirements, Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be pled with particularity.  Fed. R. Civ. P. 9(b).  Thus, "a plaintiff in federal court, to comply with Rule 9(b), must allege 'the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation' and must state 'the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged.'"  *Shuker v. Smith & Nephew*, PLC, 885 F.3d 760, 778 (3d Cir. 2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)); *see also In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (A plaintiff alleging fraud must include "all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how of the events at issue.").  This heightened pleading standard applies to claims of fraudulent concealment as well.  *See Davis v. Grusemeyer*, 996 F.2d 617, 624 n. 13 (3d Cir.1993) (stating that actions for fraudulent concealment are also subject to the heightened pleading requirements of Rule 9(b)).  "Where there are multiple defendants involved . . . the particular fraudulent acts allegedly committed by each defendant must be specified."  *Bret Binder v. Weststar Mortg., Inc.,* No. 14-7073, 2016 WL 3762710, at *23 (E.D. Pa. July 13, 2016) (citation and internal quotation marks omitted).

Here the premise of Plaintiff's fraud claim is the Defendants' alleged failure to disclose "that store #367 where the plaintiff would be working would be closing because it had not shown a profit in twelve years."  SAC ¶6.  This alleged misconduct is in the nature of fraudulent concealment rather than an affirmative misrepresentation.  Absent from the SAC, however, is any factual content establishing that the Defendants had a duty to disclose the omitted information.  As indicated above, "mere silence is not sufficient" to establish fraudulent

concealment, "in the absence of a duty to speak." *Marcum*, 423 F. Supp. 3d at 121–22 (internal quotation marks and citation omitted). As a general matter, Pennsylvania employers do not owe fiduciary duties to their employees. *See Reid v. Temple Univ. Hosp. Episcopal Campus*, No. CV 17-2197, 2017 WL 5157620, at *5 (E.D. Pa. Nov. 7, 2017); *Seifert v. Prudential Ins. Co. of Am.*, No. 13-7637, 2014 WL 2766546, at *8 (E.D. Pa. June 18, 2014). Thus, Plaintiff has not alleged factual content sufficient to allow this Court to infer the Defendants' liability.

Plaintiff also alleges that the Defendants told him "his job would be a full time permanent position" when, in reality, "all they really needed was someone to work for a few months." SAC ¶7. This aspect of Plaintiff's fraud claim involves an alleged affirmative misrepresentation rather than mere concealment. Nevertheless, the claim is insufficiently pled in that it fails to set forth any particulars about "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation," such that Defendants have notice of the precise misconduct that is being charged. *Shuker,* 885 F.3d at 778. In addition, Plaintiff fails to differentiate the "particular fraudulent acts allegedly committed by each defendant." *Bret Binder,* 2016 WL 3762710, at *23.

For these reasons, Plaintiffs' fraud claim is insufficiently pled and will be dismissed. Defendants' motion will be granted as to Count I of the SAC.

### B. *Count II of the Second Amended Complaint*

In Count II of the SAC, Plaintiff alleges that the Defendants engaged in age discrimination by paying newer, younger employees a higher hourly rate than older employees, including Plaintiff, were paid. The SAC does not specify whether Count II is being asserted under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623, or the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955. Because Plaintiff is

proceeding *pro se,* the Court will consider whether the SAC states a plausible claim under either statute. The Court will look primarily to federal law in this regard, as the two statutes are generally construed to provide coextensive protection. *See Fasold v. Justice,* 409 F.3d 178, 184 (3d Cir. 2005) (interpreting 29 U.S.C. 623(a) and 43 Pa. Cons. Stat. §955(a) "as applying identically . . . and as being governed by the same set of decisional law" in the case at bar).

To maintain a viable age discrimination claim, a plaintiff must generally show that: (1) he is forty years of age or older; (2) the defendant took an adverse employment action against him; (3) he was qualified for the position in question; and (4) the adverse action occurred under circumstances that would support an inference of discriminatory animus. *See Murphy v. Hotwire Commc'ns, LLC,* No. CV 19-5901, 2020 WL 2128472, at *5 (E.D. Pa. May 5, 2020). To state a claim for unequal pay, a plaintiff must plead facts tending to show that "'younger employees were compensated at higher rates for substantially equivalent work.'" *Id.* (quoting *Tumolo v. Triangle Pac. Corp.*, 46 F. Supp. 2d 410, 412 (E.D. Pa. 1999)); *see also Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1087 (3d Cir. 1996); *Crownover v. Shriver Contract Servs.*, No. 2:06-CV-783, 2008 WL 163050, at *5 (W.D. Pa. Jan. 15, 2008).

In addition, a plaintiff seeking relief under the ADEA must first exhaust his or her administrative remedies. *See* 29 U.S.C. § 626(d); *see also Seredinski v. Clifton Precision Prods. Co., Div. of Litton Sys., Inc.*, 776 F.2d 56, 64 (3d Cir.1985). Because Pennsylvania has a state agency with authority to investigate claims of employment discrimination, Section 626(d) of the ADEA specifically requires that a plaintiff file charges with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful practice occurred. 29 U.S.C. §§ 626(d)(2) & 633(b); *see Hildebrand v. Allegheny County*, 757 F.3d 99, 111 (3d Cir. 2014). This obligation is a condition precedent to filing suit under the ADEA and must be pled in the

plaintiff's complaint. *See Hildebrand,* 757 F.3d at 111–12; *see also* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

Here, Plaintiff's age discrimination claims suffer from several deficiencies.  First, he has failed to allege the exhaustion of his administrative remedies.  For this reason alone, Count II must be dismissed.

In addition, Plaintiff's substantive allegations fail to state a plausible violation of either the ADEA or the PHRA.  Plaintiff alleges that "defendants Sheetz Inc.[,] authorized by defendant Joseph E. Sheetz[,] openly discriminated against the plaintiff and Robert Litz by only paying them $9.00 per hour while advertising on their front door that they were paying new hires $9.50[ ] simply because they were older employees."  SAC ¶9.  But a mere *advertisement* for open positions, by itself, does not constitute age discrimination, since it does not show that younger employees were actually *hired* and that they performed substantially equivalent work for higher pay.  Moreover, the advertisement in question, appended to the SAC as "Exhibit B," says nothing about age; it merely indicates that the company was hiring new "store team members" at a rate of $9.50 per hour.  ECF No. 24-2.  Nowhere does the advertisement indicate that only younger employees would be hired at the stated rate of pay.  Plaintiff posits in the SAC that "[t]he only possible reason for this discrepancy was that the plaintiff was an older employee since another older employee Robert Litz was also only being paid $9.00 per hour."  But again, this statement fails to negate the possibility that "new hires" could have included older individuals who (like Plaintiff) fall within the protection of the ADEA and the PHRA.  In determining the sufficiency of Count II, the Court need not credit Plaintiff's conclusory averments about the Defendants' alleged discriminatory motives.  *See Connelly v. Lane Const.*

*Corp.,* 809 F.3d 780, 787 (3d Cir. 2016) (stating that, as part of a Rule 12(b)(6) review, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth) (internal quotation marks and citation omitted); *Nottingham v. Cooley*, No. 4:19-CV-00595, 2020 WL 3642440, at *2 (M.D. Pa. July 6, 2020) (noting that courts "'need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss'") (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Here, Plaintiff's non-conclusory allegations – in conjunction with Exhibit B -- are consistent with the *possibility* of age discrimination; however, this is insufficient at the pleading stage to state a plausible ADEA/PHRA violation.  *See generally Iqbal*, 556 U.S. at 678 (explaining that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct," and allege "more than a sheer possibility that a defendant has acted unlawfully"); *Saunders v. Danberg*, 613 F. App'x 94, 96 (3d Cir. 2015) (finding pleading deficient it "lack[ed] sufficient factual matter to allow us to infer more than the possibility of misconduct.").

Elsewhere in the SAC, Plaintiff states that "the older employees were training and teaching new younger [employees] but making less money simply because they were older." SAC ¶8.  From the context of this allegation, it is not clear if the Court is being asked to infer unequal pay based solely upon the advertisement described above; if so, as discussed, no such plausible inference can be drawn.  In any event, though, even if the allegation is taken at face value, it does not state that younger employees were being compensated at higher rates *for performing substantially equivalent work*; and a court performing a Rule 12(b)(6) analysis "'need not assume that a plaintiff can prove facts that the plaintiff has not alleged.'" *Nottingham*, 2020 WL 3642440, at *2 (quoting *Associated Gen. Contractors of Cal. v. California State*

*Council of Carpenters*, 459 U.S. 519, 526 (1983)).  For these reasons, the claim as currently pled is deficient.

Finally, to the extent Plaintiff is asserting an ADEA claim against Defendant Joseph E. Sheets personally, the claim fails as a matter of law.  ADEA claims can be brought only against a plaintiff's employer.  *See Muhammad v. Sills Cummis & Gross P.C.*, 621 F. App'x 96, 98 (3d Cir. 2015); *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006).  Here, it is clear from Plaintiff's pleading that Joseph E Sheets did not personally employ Plaintiff.

Notably, the PHRA differs from the ADEA in this respect.  Unlike the ADEA, the PHRA allows for individual supervisory employees to be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for their own direct acts of discrimination, or for their failure to take action to prevent further discrimination by an employee under their supervision.  *See Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998) (citing *Dici v. Commonwealth of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996)); *see also Brzozowski v. Pa. Tpk. Comm'n*, 165 F. Supp. 3d 251, 263 (E.D. Pa. 2016); *SeevSprecher v. Se. Home Health Servs. of PA, LLC*, No. 20-CV-0968-JMY, 2020 WL 3830148, at *3 (E.D. Pa. July 8, 2020).  Even so, the SAC alleges no facts from which it can plausibly be inferred that Joseph E. Sheets personally supervised the employees that managed Store #367 or that he was personally aware of, and condoned, specific acts of age discrimination or unequal pay at that store.  Consequently, Plaintiff's PHRA claim against Joseph E. Sheets must also be dismissed.

C.  *Count III of the Second Amended Complaint*

In Count III of the SAC, Plaintiff asserts a claim for breach of his alleged employment contract with Sheetz.  In essence, he alleges that, under the terms of the "employee information

manual," he was "due a bonus of $1.00 for every hour worked in the first quarter of 2019 . . . based on the stores [sic] customer service rating and performance.  SAC ¶¶10-11.  He claims that "Defendant Sheetz Inc. failed to pay this bonus to the plaintiff which he was clearly entitled to under the terms of employment."  Id. ¶10.

"Under Pennsylvania law,[1] 'three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and[ ] (3) resultant damages.'"  *Doe v. Univ. of Sciences*, 961 F.3d 203, 211 (3d Cir. 2020) (alterations in the original; internal footnote omitted) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman*, P.C., 137 A.3d 1247, 1258 (2016)).[2]  "Although an agreement need not contain all of the terms necessary for the execution of the agreement, it must 'represent a meeting of the parties' minds on the essential terms of their agreement.'"  *Quandry Sols. Inc. v. Verifone Inc.*, No. CIV.A.07-097, 2009 WL 997041, at *12 (E.D. Pa. Apr. 13, 2009) (quoting *Yellow Run Coal Co. v. Alma–Elly–Yv Mines, Ltd.*, 426 A.2d 1152, 1154–55 (Pa. Super. Ct. 1981)).  "The essential terms of a contract ... include the time and manner of performance and price or other consideration."  *Id.* (citations omitted); see *Lackner v. Glosser*, 892 A.2d 21, 31 (Pa. Super. Ct. 2006) (indicating that "the essential terms of an alleged bargain" include "time [and] manner of performance" as well as "price or consideration").

Defendants argue that Plaintiffs' allegations are deficient in that they "not only fail to set forth the essential terms of the alleged contract, but fail to establish that there was **any** binding contract . . . that would entitled him to bonus pay."  ECF No. 26 at 10.  The Court agrees that Count III, as set forth in the SAC, is inadequately pled.

---

[2] Defendants assume that Pennsylvania law governs the breach of contract claim, and Plaintiff does not contend otherwise.  Accordingly, as the parties have implicitly agreed that Pennsylvania law applies, the Court will do the same.  *See Doe v. Univ. of Sciences*, 961 F.3d at 211 n. 5.

Here, Plaintiff has neither attached a copy of the alleged contract, nor specified the terms that allegedly entitled him to bonus pay during the first quarter of 2019.  In addition, he has not alleged circumstances suggesting that the terms of a handbook were intended by Sheetz Inc. to have a binding effect.  As the district court observed in *Carlisle Medical Group, LLC v. Eldohiri*, Civ. No. 1:15-cv-2367, 2017 WL 783433 (M.D. Pa. Mar. 1, 2017), "a provision in an employee handbook cannot be binding on employees if that policy is never actually communicated ... by ensuring that the handbooks are distributed to [the] employees."  *Id.* at *3; *see also Lord v. Erie County*, 476 F. App'x 962, 996 (3d Cir. 2012) (addressing contractual principles in the context of a due process claim and noting that the "terms in an employee handbook are binding only when either the handbook itself or the employer's representation of it clearly indicate that the handbook is to have a binding effect").  Absent from the SAC in this case is any averment demonstrating that Sheetz Inc. distributed the handbook to Plaintiff under terms that indicated an intent to make the handbook terms contractually binding.

Defendants also argue that, even if the SAC can be adequately deemed to allege the existence of a contract, Count III still fails to state a claim against Defendant Joseph E. Sheets.  Defendants refer the Court to numerous cases recognizing that a contract between a corporation and another party does not create contractual relationships on the part of the corporation's agents, as individuals.  See ECF No. 26 at 11 (citing authority).  Though the Court does not dispute this principle, it also does not construe Count III as setting forth a breach of contract claim against Joseph E. Sheets personally.  Accordingly, the Defendants motion to dismiss will be denied as moot insofar as it relates to the (non-existent) breach of contract claim against Joseph E. Sheets.

**IV.**     **Conclusion**

Based upon the foregoing reasons, the Defendants' motion to dismiss will be granted as to all claims in the SAC.  It will be denied as moot insofar as it relates to the non-existent breach of contract claim against Joseph E. Sheets.

Although Plaintiff's age discrimination claim against Joseph E. Sheets is incapable of being rehabilitated through further amendment, the Court cannot say the same of his fraud claims against the Defendants or his age discrimination and breach of contract claims against Sheetz Inc.  *See Phillips,* 515 F.3d at 245.  Accordingly, the Court will grant Plaintiff leave to re-plead his fraud claims against the Defendants in Count I, his age discrimination claim(s) against Sheetz Inc. in Count II, and his breach of contract claim against Sheetz Inc. in Count III.

An appropriate Order follows.


SUSAN PARADISE BAXTER
United States District Judge